IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONIQUE FRASER, CASSANDRA MALVO, TANYA AUSTIN, WINSTED FRASER, LIONEL ALARCON, CHRISTIAN FOSTER, and MAHLON SMITH, on Behalf of Themselves and Others Similarly Situated, | § | |
| *Plaintiffs*, | § | |
| vs. | § | CASE NO. _____ |
| PATRICK O'CONNOR & ASSOCIATES, L.P. D/B/A O'CONNOR & ASSOCIATES, O'CONNOR MANAGEMENT, L.L.C., AND PATRICK O'CONNOR, | § | |
| *Defendants*. | § | JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

COME NOW Plaintiffs Monique Fraser, Cassandra Malvo, Tanya Austin, Winsted Fraser, Lionel Alarcon, Christian Foster, and Mahlon Smith (collectively referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, and file this Original Collective Action Complaint.

### SUMMARY

1. Patrick O'Connor & Associates, L.P. d/b/a O'Connor & Associates and O'Connor Management, L.L.C. (collectively referred to as "O'Connor & Associates"), with their owner Patrick O'Connor, have continually violated the Fair Labor Standards Act ("FLSA") by failing to pay their property tax consultants overtime. O'Connor &

1

Associates pays these workers a monthly salary plus commission. When property tax consultants work more than 40 hours in a week, O'Connor & Associates does not pay them overtime. This collective action seeks to recover the unpaid wages and other damages owed to these workers.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because O'Connor & Associates resides in this district, and this is the district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

4.  Plaintiffs are former employees of O'Connor & Associates. O'Connor & Associates employed Plaintiffs within the past three years and paid them according to its monthly salary plus commission system. Plaintiffs' written consents to this action are attached as Exhibit 1.

5.  Plaintiffs bring this action on behalf of themselves and all other O'Connor & Associates property tax consultants in the United States whom O'Connor & Associates paid according to its salary plus commission system within the past three years (collectively referred to as the "Property Tax Consultants").

6.  Defendant Patrick O'Connor & Associates, L.P. d/b/a O'Connor & Associates is a corporation headquartered in Houston, Texas, and it may be served with

summons in this cause by serving its registered agent, Patrick O'Connor, 2200 North Loop West, Suite 200, Houston, Texas 77018, or wherever he may be found.

7.      Defendant O'Connor Management, L.L.C. ("O'Connor Management") is a Texas Limited Liability Company headquartered in Houston, Texas, and it is the general partner of Patrick O'Connor & Associates, L.P. d/b/a O'Connor & Associates. O'Connor Management may be served with summons in this cause by serving its registered agent, Patrick O'Connor, 2200 North Loop West, Suite 200, Houston, Texas 77018, or wherever he may be found.

8.      Defendant Patrick O'Connor ("O'Connor") is the President and owner of O'Connor & Associates. O'Connor may be served with summons in this cause by serving him at his residential address, 2318 Willowby, Houston, Texas 77008, or at his office address, 2200 North Loop West, Suite 200, Houston, Texas 77018, or wherever he may be found.

9.      As the owner and President of O'Connor & Associates, O'Connor is an individual who acts directly or indirectly in the interest of the employers in relation to their employees. Consequently, O'Connor is considered an employer under the FLSA. 29 U.S.C. §§ 203(a) and (d). Thus, since O'Connor exercised managerial responsibilities and operational control over O'Connor & Associates, as well as the terms and conditions of its Property Tax Consultants' work, he is jointly and severally liable for the FLSA violations claimed herein and Plaintiffs' damages.

## FACTS

10.     O'Connor & Associates is a real estate service company. O'Connor & Associates employs more than 250 workers throughout several U.S. states and overseas.

11.     Among other things, O'Connor & Associates offers a property tax reduction service, which helps property owners by filing personal property renditions, reviewing tax statements, protesting over-assessed property values, and attending hearings and appraisal review board meetings to reduce property taxes for its clients.

12.     O'Connor & Associates provides its property tax reduction service to residential homeowners in exchange for a contingency fee of 50% of the property taxes saved by O'Connor & Associates.

13.     Property Tax Consultants perform the property tax reduction services for O'Connor & Associates. Plaintiffs worked as Property Tax Consultants for O'Connor & Associates.

14.     In 2009, O'Connor & Associates filed more than 164,000 property tax protests, effectively reducing its clients' assessed values by almost $3.45 billion and cutting its clients' property taxes by over $88.5 million. As a result, the annual gross revenue for O'Connor & Associates in 2009 exceeded $40 million from its property tax reduction service alone.

15.     O'Connor & Associates' gross revenues have exceeded $10 million for each of the past three years.

16.     O'Connor & Associates is an enterprise engaged in commerce within the meaning of the FLSA.

17. Over the past three years, O'Connor & Associates has employed hundreds of workers, including Plaintiffs, as Property Tax Consultants.

18. O'Connor & Associates pays its Property Tax Consultants a monthly salary plus commission.

19. Property Tax Consultants for O'Connor & Associates are nonexempt employees.

20. An employer can pay a non-exempt employee on a salary plus commission basis *provided* the employee still receives overtime pay for hours worked in excess of 40 in a workweek.

21. O'Connor & Associates knows its Property Tax Consultants work more than 40 hours in a workweek. In fact, Property Tax Consultants are required to work extended hours, including holidays and weekends, during property tax season.

22. O'Connor & Associates does not pay its Property Tax Consultants overtime – it merely pays them their monthly salary plus commission, regardless of how many hours the Property Tax Consultants actually work.

23. By failing to calculate and pay overtime owed to its Property Tax Consultants, O'Connor & Associates violates the FLSA.

24. O'Connor & Associates also violates the FLSA by failing to keep records of hours worked by Property Tax Consultants.

25. O'Connor & Associates is well aware of the fact that its compensation plan is illegal. O'Connor & Associates has received complaints regarding its overtime pay

practices with respect to Property Tax Consultants.  O'Connor & Associates nonetheless continued to deny its Property Tax Consultants overtime pay.

26. O'Connor & Associates' monthly salary plus commission policy affects all the Property Tax Consultants in a similar manner.  Plaintiffs and other Property Tax Consultants are similarly situated for purposes of their overtime claims.  The collective action class is therefore properly defined as:

> **All Property Tax Consultants employed by O'Connor & Associates at any time in the past three years**.

### CAUSE OF ACTION

27. Plaintiffs incorporate all the preceding paragraphs herein by reference.

28. Within the past three years, Plaintiffs worked more than 40 hours in a workweek for O'Connor & Associates (and O'Connor) without being paid overtime.

29. Within the past three years, other Property Tax Consultants have worked more than 40 hours in a workweek for O'Connor & Associates (and O'Connor) without being paid overtime.

30. By failing to pay Plaintiffs and other Property Tax Consultants overtime at one-and-one-half times their regular rates, the compensation policies and practices of O'Connor and O'Connor & Associates violated the FLSA's overtime provisions.

31. O'Connor and O'Connor & Associates owe Plaintiffs and the other Property Tax Consultants the difference between the compensation actually paid and overtime compensation due for all hours worked over 40 in a given workweek.

32. Because O'Connor and O'Connor & Associates knew, or showed reckless disregard for whether, their pay policies and practices violated the FLSA, O'Connor and O'Connor & Associates owe overtime wages for the past three years.

33. No exemption excused O'Connor or O'Connor & Associates from paying Plaintiffs and other Property Tax Consultants their overtime rates for overtime hours worked. Nor has O'Connor or O'Connor & Associates made a good faith effort to comply with the FLSA.

34. O'Connor and O'Connor & Associates also owe Plaintiffs and other Property Tax Consultants an amount equal to all unpaid overtime wages as liquidated damages.

35. Plaintiffs and the other Property Tax Consultants are entitled to recover all reasonable attorneys' fees, costs and expenses incurred in this action.

36. As employers under the FLSA, Patrick O'Connor & Associates, L.P. d/b/a O'Connor & Associates, O'Connor Management, L.L.C., and Patrick O'Connor are jointly and severally liable for the above-referenced violations of the FLSA and the resulting damages.

## JURY DEMAND

37. Plaintiffs hereby demand a trial by jury.

## **P**RAYER

Wherefore, Plaintiffs pray for relief as follows:

(a) An order allowing (i) this action to proceed as a representative collective action under the FLSA; and (ii) notice to be sent to all other Property Tax Consultants employed by O'Connor & Associates at any time in the past three years, so that they may opt-in to this lawsuit;

(b) Judgment awarding Plaintiffs and the other Property Tax Consultants all unpaid overtime compensation for the time period dating back three years from the filing of this action;

(c) An equal amount as liquidated damages pursuant to the FLSA;

(d) Attorneys' fees, costs and expenses pursuant to the FLSA and other law;

(e) Pre- and post-judgment interest at the highest rate allowable by law;

(f) An Injunction against further violations with associated relief; and

(g) All such other and further relief to which Plaintiffs and the other Property Tax Consultants may show themselves to be justly entitled.

Respectfully submitted,

MIZE, MINCES & CLARK, PC

By: */s/ David G. Clark*
    **David G. Clark**
    Attorney-in-Charge
    Federal I.D. No.: 36880
    State Bar No.: 24040698
    Email: david.clark@mizeminces.com
    808 Travis Street, Suite 453
    Houston, Texas 77002
    Telephone: (713) 595-9675
    Facsimile: (713) 595-9670

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

**Katherine T. Mize**
Federal I.D. No.: 15523
State Bar No.: 00784617
Email: katherine.mize@mizeminces.com
**David M. Minces**
Federal I.D. No.: 435389
State Bar No.: 24026880
Email:  david.minces@mizeminces.com

**MIZE, MINCES & CLARK, PC**
808 Travis Street, Suite 453
Houston, Texas 77002
Telephone: (713) 595-9675
Facsimile: (713) 595-9670