IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONIQUE FRASER, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-11-3890 |
| PATRICK O'CONNOR & ASSOCIATES, L.P., ET AL., | § § § § | |
| Defendants. | § | |

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Defendants' Motion to Strike Plaintiffs' Objections and Request for Sanctions (Document No. 101), in which Defendants seek an Order striking Plaintiffs' Objections to Defendants' Summary Judgment Evidence (Document No. 100) as untimely filed. According to Defendants, Plaintiff's Reply (Document No. 98) was filed, without leave of court, twenty-two (22) days after Defendants filed their Response to Plaintiff's Motion for Partial Summary Judgment, and Plaintiff's Objections to Defendants' Summary Judgment Evidence (Document No. 100) was filed, also without leave of court, twenty-five (25) days after Defendants filed their Response to Plaintiff's Motion for Summary Judgment. According to Defendants, although the Federal Rules of Civil Procedure do not specifically provide for the filing of a Reply, and although neither the Local Rules of Judge Harmon's procedures either allow or disallow the filing of a Reply, Plaintiffs' Objections to Defendants' Summary Judgment Evidence should be considered untimely because they were filed well after the Plaintiffs' Motion for Summary Judgment was ripe for consideration under Local Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by

counsel."). Additionally and alternatively, Defendants argue that any objections to Defendants' summary judgment evidence should have been filed, at the latest, within twenty-one days of the filing of that evidence with Defendants' Response to Plaintiff's Motion for Partial Summary Judgment. Finally, Defendants seek sanctions for what they characterize is Plaintiff's unreasonable and vexatious multiplication of the summary judgment proceedings, and Plaintiff's misrepresentations of law and fact in their Motion for Partial Summary Judgment, Reply, and Objections to Defendant's Summary Judgment Evidence.

Having considered the motion, the response in opposition (Document No. 104), the fact that there are no rules applicable to this case that either allow or foreclose Plaintiffs from filing a Reply, and no rule that sets a deadline for either the filing of a Reply or Objections to summary judgment evidence, and the current Scheduling Order, it is

ORDERED that Defendants' Motion to Strike Plaintiffs' Objections (Document No. 100) is DENIED. It is further

ORDERED that Defendants' Request for Sanctions (Document No. 101) is DENIED. Defendants', however, shall have fourteen (14) days from the date this Order is entered to file a Sur-Reply, in which Defendants may identify and point out any alleged mis-statements of law or fact contained in Plaintiffs' Reply. Thereafter, no additional briefing will be allowed or considered on Plaintiffs' Motion for Partial Summary Judgment.

Signed at Houston, Texas, this 16th day of September, 2013.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE