IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MONIQUE FRASER, CASSANDRA MALVO, TANYA AUSTIN, WINSTED FRASER, LIONEL ALARCON, CHRISTIAN FOSTER, and MAHLON SMITH, on Behalf of Themselves and Others Similarly Situated,** | § § § § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | (Judge Melinda Harmon) CIVIL ACTION NO. 4:11-cv-03890 |
| **PATRICK O'CONNOR & ASSOCIATES, L.P. D/B/A O'CONNOR & ASSOCIATES, O'CONNOR MANAGEMENT, L.L.C., PATRICK O'CONNOR, KATHLEEN O'CONNOR, MIKE WEBB, JANICE PHILLIPS, and KATHY RIGGS,** | § § § § § § § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, Defendants, pursuant to Rule 56 FED. R. CIV. P., and file this Memorandum in Support of Their Motion for Partial Summary Judgment against Plaintiffs' claim that Defendants have waived the overtime exemption applicable to Plaintiffs under the Fair Labor Standards Act, and in support thereof, represent as follows:

<u>Summary</u>

Defendants are entitled to a Summary Judgment on Plaintiffs' claim that Defendants have waived the overtime exemption applicable to Plaintiffs under the Fair Labor Standards Act because:

    a.    No genuine disputes of material fact exist that would require a trial on Plaintiffs' claim that Defendants have waived the overtime exemption applicable to Plaintiffs under the Fair Labor Standards Act;

1

    b.    There is no evidence to support one or more essential elements of Plaintiffs' claim that Defendants have waived the overtime exemption applicable to Plaintiffs under the Fair Labor Standards Act; and

    c.    The facts in the record negate the existence of one or more of the material elements of Plaintiffs' claim that Defendants have waived the overtime exemption applicable to Plaintiffs under the Fair Labor Standards Act.

## I.
## Status of Case

This Motion is made at the deadline for dispositive motions and after the close of discovery.

**1. Plaintiffs claim that Defendants have waived the overtime exemption applicable to Plaintiffs under the Fair Labor Standards Act.**

Plaintiffs raised two claims in this case: one under the Fair Labor Standards Act ("FLSA"), and the other under the Texas Uniform Fraudulent Transfer Act ("TUFTA") (TXSD Docs. 66 and 67).[1] With respect to the FLSA, Plaintiffs allege that Defendants waived the overtime exemption applicable to Plaintiffs under the FLSA. The basis for Plaintiffs' claim is that Defendants allegedly failed to pay Mahlon Smith, Antonio Wilson, and Blake Watterson their final paychecks during a four-year period. (TXSD Doc. 66).

Plaintiffs are current or former employees of Defendant, Patrick O'Connor & Associates, L.P., d/b/a, O'Connor & Associates ("O'Connor"). Each was employed as a property tax consultant ("PTC"). Each was classified as an exempt employee and was paid a fixed salary in excess of the minimum required by the FLSA, and was also paid a commission. The commissions were variable, as is allowed by law. Because Plaintiffs were salaried employees, Plaintiffs were not paid overtime.

On June 28, 2013, Plaintiffs submitted a Motion for Partial Summary Judgment that focused solely on whether Defendants waived the overtime exemption under the FLSA (TXSD

---

[1] In the Court's Sealed Opinion and Order on the parties' summary judgment motions, the Court ruled that summary judgment on Plaintiffs' TUFTA claim was granted to Defendants. (TXSD Doc. 153)

Doc. 83). The sole basis for that motion was Defendants' alleged failure to pay Mahlon Smith, Antonio Wilson, and Blake Watterson their final paychecks during a four-year period (TXSD Doc. 83). On February 28, 2014, Plaintiffs submitted a Motion for Partial Summary Judgment that again focused only on the overtime exemption under the FLSA, alleging that Plaintiffs were not subject to the FLSA's exemption as a matter of law (TXSD Doc. 116).

In the Court's Sealed Opinion and Order on the parties' summary judgment motions, dated January 7, 2015, the Court ruled that the motions for summary judgment relating to the salary basis and primary test duties were denied. The Court's ruling, however, also provided the following: "Nevertheless, if the Defendants can prove by a preponderance of the evidence that they reimbursed the final paychecks of the three named Plaintiffs, they are entitled to summary judgment on [the Window of Correction] issue under *Moore v. Hannon Food Serv., Inc.*, 317 F.3d 489." (TXSD Doc. 153, pp. 72–73 n.32, pp. 83-84, and p. 137).

**2.    Defendants Reimbursed Blake Watterson, Antonio Wilson, Mahlon Smith, and Laquanda Denise Hadnott for the deductions from their final paychecks, pursuant to 29 C.F.R. § 541.603(c).**

After this lawsuit was filed, Defendant Patrick O'Connor & Associates, L.P. conducted an internal review of its records and determined that it withheld final paychecks from four Plaintiffs – Blake Watterson, Antonio Wilson, Mahlon Smith, and Laquanda Denise Hadnott. Defendant, justly and properly, believed it withheld these paychecks. On July 17, 2013, Defendant mailed Plaintiffs' counsel four checks to fully reimburse the four Plaintiffs for the deductions from their final paychecks, pursuant to 29 C.F.R. § 541.603(c). Attached hereto as *Exhibit A*, are the cancelled checks evidencing that the four Plaintiffs deposited their checks and were thus fully reimbursed for the deductions from their final paychecks.

On May 12, 2014, pursuant to the Court's Order, Laquanda Denise Hadnott was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (TXSD

Doc. 146)  On November 12, 2015, pursuant to the Court's Order, Blake Watterson and Antonio Wilson were dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (TXSD Doc. 167)  Therefore, of the four Plaintiffs whose final paychecks were withheld, Mahlon Smith is the only one who remains a party to this action.

On October 9, 2015, Plaintiff, Mahlon Smith, served his responses to Defendants' Request for Admissions.  In his response to Request for Admission No. 143, Plaintiff Mahlon Smith admitted that Defendants fully repaid him the deductions from his final paycheck. *Exhibit B.*

## II.
## Standard of Review

The purpose of a summary judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment is appropriate where, as here, there is no genuine dispute of material fact. Fed. R. Civ. P. 56(a); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Summary judgment is appropriate when the record does not contain evidence that would lead a reasonable jury to find in favor of the non-moving party. *BMG Music v. Martinez,* 74 F.3d 87, 89 (5th Cir. 1995).

A defendant who seeks summary judgment on a plaintiff's claim must demonstrate the absence of a genuine dispute of material fact by either (1) submitting summary-judgment evidence that negates the existence of a material element of a plaintiff's claim or (2) showing there is no evidence to support an essential element of a plaintiff's claim. *J. Geils Band Emp. Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322–23.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *U.S. v. Evans*, 513 F.Supp.2d 825, 833 (W.D.Tex., 2007); *see Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Colson v. Grohman*, 174 F.3d 498, 506 (5th Cir.1999). A material fact is one that might affect the outcome of the suit under governing law. *Evans*, 513 F.Supp.2d at 833; s*ee Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir.1994). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Evans*, 513 F. Supp. 2d at 833; s*ee Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994)); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir.1990) (citing *Anderson*, 477 U.S. at 247-48, 106 S.Ct. 2505); *Evans*, 513 F.Supp.2d at 833.

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. *Evans*, 513 F.Supp.2d at 833; s*ee Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548; *Wenner*, 123 F.3d at 324. "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Evans*, 513 F.Supp.2d at 833-34; *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. 2548.

A review of the facts, as well as the relevant case law, leads inescapably to the conclusion that there is no genuine need for trial here on Plaintiffs' claim that Defendants waived the overtime exemption applicable to Plaintiffs under the FLSA, and that Defendants are entitled to summary judgment on said claim.

### III.
### Summary of Argument

Plaintiffs' claim that Defendants waived the overtime exemption applicable to Plaintiffs under the FLSA must fail because summary judgment evidence establishes by a preponderance of the evidence that Defendants reimbursed Blake Watterson, Antonio Wilson, Mahlon Smith, and Laquanda Denise Hadnott for their final paycheck, pursuant to Section 541.603(c).[2]

### IV.
### Argument and Authorities

1.  **Defendants' Withholding of Blake Watterson, Antonio Wilson, Mahlon Smith, and Laquanda Denise Hadnott's Final Paycheck Did Not Waive Plaintiffs' Exempt**

---

[2] In the Court's Sealed Opinion and Order on the parties' summary judgment motions, dated January 7, 2015, the Court ruled that, "[I]f the Defendants can prove by a preponderance of the evidence that they reimbursed the final paychecks of the three named Plaintiffs, they are entitled to summary judgment on [the Window of Correction] issue under *Moore v. Hannon Food Serv., Inc.*, 317 F.3d 489 " (TXSD Doc. 153, pp. 72–73 n.32, pp. 83-84, and p. 137).

**Status Because Defendant Fully Reimbursed Each Individual for Their Final Paycheck Pursuant to C.F.R. § Section 541.603(c).**

Section 541.603, which details the effect of improper deductions from salary, states that, improper deductions from exempt employees' salary will not result in the loss of the exemption under the following set of circumstances:

> <u>Window of Correction</u>: Improper deductions that are either isolated or inadvertent will not result in loss of the exemption for any employees subject to such improper deductions, if the employer reimburses the employees for such deductions.

29 C.F.R. § 541.603(c). Further, in the Court's Sealed Opinion and Order on the parties summary judgment motions, the Court ruled that, "[I]f the Defendants can prove by a preponderance of the evidence that they reimbursed the final paychecks of the three named Plaintiffs, they are entitled to summary judgment on [the Window of Correction] issue under *Moore v. Hannon Food Serv., Inc.*, 317 F.3d 489."[3] (Doc. 153, pp. 72–73 n.32, pp. 843-84, and p. 137).

---

[3] The Court notes that in *Moore v. Hannon Food Serv., Inc.*, 317 F.3d 489 (5th Cir. 2003) *cert. denied*, 540 U.S. 938 (2003), an employer, Hannon Food Services ("Hannon"), began deducting recurrent cash register shortages from the supervising managers' weekly salaries. After being advised by counsel that the practice violated the FLSA, Hannon changed to deducting the shortages from their monthly bonuses instead. The employees sued and prevailed in district court, which concluded that the window of correction, 29 C.F.R. § 541.118(a)(6), addressing the salary basis test, was not available for Hannon to correct its error and thus to maintain the exempt executive status of its employees. On appeal, the Fifth Circuit determined that the window of correction regulation was unambiguous and therefore the Court did not have to defer to the Secretary of Labor's interpretation put forth in litigation in *Klem v. County of Santa Clara, Cal.*, 208 F.3d 1085 (9th Cir. 2000), that the window of correction was unavailable where the employer has a policy or practice of improper deductions. Section 541.118(a)(6) provides in relevant part, "[W]here a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future." Although noting a conflict among the Circuits regarding ambiguity in the regulation and "the question whether the window of correction applies to all deductions made for reasons other than work," *id*. at 495, the Fifth Circuit held that "under the plain language of the FLSA, . . . 'made for reasons other than lack of work' provides for permitting corrective action [reimbursement for the improper deductions and interest], and there is nothing in the regulation

On July 17, 2013, Defendants mailed Plaintiffs' counsel four checks to fully reimburse Blake Watterson, Antonio Wilson, Mahlon Smith, and Laquanda Denise Hadnott for the deductions from their final paychecks, pursuant to 29 C.F.R. 541.603(c).  Attached hereto as *Exhibit A*, are the cancelled checks evidencing that the four individuals deposited their checks and were thus fully reimbursed for the deductions from their final paychecks.  Moreover, on October 9, 2015, Plaintiff, Mahlon Smith, served his responses to Defendants' Request for Admissions, wherein he admitted that Defendants fully repaid him the deductions from his final paycheck.[4] *Exhibit B*.

For these reasons, the salary basis of pay remains intact for Plaintiffs because the summary judgment evidence establishes, by a preponderance of the evidence, that O'Connor reimbursed Blake Watterson, Antonio Wilson, Mahlon Smith, and Laquanda Denise Hadnott for their final paycheck, pursuant to Section 541.603(c).

## VI.

## Conclusion

WHEREFORE, Defendants respectfully request that this Court grant Defendants' Motion for Partial Summary Judgment against Plaintiffs' claim that Defendants have waived the overtime exemption applicable to Plaintiffs under the Fair Labor Standards Act.

---

that requires further restriction on its application is implied or necessary." *Moore*, 317 F.3d at 496.

[4] A matter admitted pursuant to Rule 36(b) is "conclusively established unless the court, on motion, permits the admission to be withdrawn." Fed R. Civ. P. 36(b).

Respectfully submitted,

NEEL, HOOPER & BANES, P.C.

_____
Bryant S. Banes
Attorney-in-Charge
Texas State Bar No. 24035950
Federal ID No. 31149
1800 West Loop South, Suite 1750
Houston, Texas 77027
(713) 629-1800
(713) 629-1812 (Fax)
Email:  bbanes@nhblaw.com

**ATTORNEYS FOR DEFENDANTS**

Of Counsel:

**Tonya M. Felix**
O'Connor & Associates
2200 North Loop West
Suite 200
Houston, Texas  77018
(713) 686-9955
(713) 686-3377 (Fax)
Email:  tfelix@poconnor.com

**Hugh L. McKenney**
McKenney Associates, PC
2200 North Loop West
Suite 333
Houston, Texas  77018
(713) 688-6767
(713) 688-0199 (Fax)
Email:  hughleslie@hotmail.com

**NEEL, HOOPER & BANES, P.C.**
Sean D. Forbes
Brian Sanchez
1800 West Loop South
Suite 1750
Houston, Texas 77027
(713) 629-1800
(713) 629-1812 (Fax)

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on this the 1st day of December, 2015.

| | |
|---|---|
| David M. Minces<br>Minces PLLC<br>6750 Bellaire Blvd., Suite 616<br>Bellaire, Texas 77401 | *Via* email and CMRRR |
| Ms. Leigh Parsons, *Pro Se*<br>10166 Beekman Place Drive<br>Houston, Texas 77043 | *Via* CMRRR |

_____
Bryant S. Banes