United States District Court
Southern District of Texas
**ENTERED**
August 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MONIQUE FRASER, *et al*, § § Plaintiffs, § VS. § PATRICK O'CONNOR & ASSOCIATES, § L.P.; dba O'CONNOR & ASSOCIATES, *et al*, § § Defendants. § | CIVIL ACTION NO. 4:11-CV-03890 |

## **OPINION & ORDER**

Pending before the Court in the above-referenced cause is Defendants' Motion to Dismiss Plaintiffs Leslie Hall, Edward Molz, Leigh Parsons, Cesar Ramirez, and Raymond Sullivan (collectively "Plaintiffs") for Failure to Prosecute. (Doc. 172.) Although Plaintiffs' counsel indicated that Plaintiffs planned to oppose the motion (Doc. 172 at 11), under Local Rule 7.4 the motion is deemed unopposed because Plaintiffs have not filed a response. Having considered the motion and supporting materials, the Court is of the opinion that Defendants' motion should be granted.

### **I. Background**

On November 4, 2011, a number of Defendants' former employees filed this action, on behalf of themselves and others similarly situated. (Doc. 1.) On February 5, 2013, this Court conditionally certified this case as a collective action. (Doc. 63.) On March 4, 2013, Plaintiff Leslie Hall filed her Consent to Become Party Plaintiff (Doc. 69-8.) On April 4, 2013, Plaintiffs Cesar Ramirez and Raymond Sullivan filed their Consent to Become Party Plaintiff (Docs. 74-1, 74-4), and on April 11, 2013, Plaintiffs Edward Molz and Leigh Parsons filed their Consent to Become Party Plaintiff (Docs. 75-8, 75-9).

On July 28, 2015, Plaintiffs were served with Requests for Admissions, Interrogatories, and Requests for Production. (Doc. 172-9.) Responses were due August 27, 2015. (*Id.*) On August 20, 2015, Defendant agreed to extend the deadline for Plaintiffs to serve discovery responses on all outstanding written discovery to September 11, 2015. (Doc. 172-2.) On September 9, 2015, Defendants agreed to an extension of September 25, 2015 for Plaintiffs to respond to the Requests for Production to (Doc. 172-3.) On September 24, 2015, Defendants agreed to extend the deadline for Plaintiffs' responses to the Requests for Admissions and Interrogatories to October 9, 2015. (Doc. 172-4.) On September 25, 2015, Defendants allege that Plaintiffs served "deficient, non-substantive responses" to the Requests for Production. (Doc. 172 at 3; *see also* Doc. 172-5.) On October 9, 2015, Defendants argue that Plaintiffs likewise served "deficient, non-substantive responses" to the Requests for Admissions and Interrogatories. (Doc. 172 at 3; *see also* Doc. 172-6.)

In an October 12 letter to Plaintiffs' counsel, Defendants noted that the responses to the Request for Admission from Plaintiffs Cesar Ramirez (Doc. 172-6 at 16-32), Leigh Parsons (Doc. 172-6 at 67-83), Edward Molz (Doc. 172-6 at 47-63), Leslie Hall, and Raymond Sullivan solely stated the following for every response to the forty-eight Requests for Admission: "After a reasonable inquiry, the information available is insufficient to admit or deny. Will supplement." (Docs. 172 at 4; 172-7 at 4.) As a result, Defendant requested that Plaintiffs supplement their responses by October 16, 2015. (Doc. 172-7 at 4.) In a subsequent letter dated October 19, 2015, Defendants' counsel also noted that Plaintiffs' responses to the First Set of Interrogatories "solely indicate the responses will be supplemented, but fail to provide one substantive response." (Doc. 172-9 at 4.) In both its October 12 and 19 letters to Plaintiffs' counsel, Defendant further objected to the fact that Plaintiffs Hall, Sullivan, Ramirez, Molz, and Parsons

had not verified and signed their responses to the First Set of Interrogatories. (Docs. 172-7 at 3, 172-9 at 4.)

On October 16, 2015, Plaintiffs' counsel conceded all of these points and stated that verifications would be forwarded to Defendant as they came in from Plaintiffs. (Doc. 172-8 at 3.) In response to Defendants' request for supplementation to Plaintiffs' responses, counsel for Plaintiffs responded:

> Because of how long this case has been pending, we have encountered instances in which our clients have been less than perfect in apprising us when they move, obtain new phone numbers, and/or no longer use the same email address. This was the primary reason we sought extensions and it is also the reason why we concede that some of our clients' responses need to be supplemented. We plan to do so, and we are doggedly pursuing those clients from whom we need additional information. However, it is clear that we will not be able to provide you with such information today, as you have requested. As soon as we obtain information to supplement we will do so immediately. (Doc. 172-8 at ¶ 7.)

In its October 19 response to this letter, Defendants requested that verifications and supplementation to deficient discovery responses for Plaintiffs Hall, Sullivan, Ramirez, Molz, and Parsons be provided by October 30, 2015 "or we will be forced to seek Court intervention and possible dismissal of these Plaintiffs' claims for failure to provide discovery."[1] (Doc. 172-9 at 4). No supplementation or further verifications were forthcoming.

On October 22, 2015, Defendants requested that Plaintiffs' counsel provide dates of availability for each Plaintiff. (Doc. 172-10.) When Plaintiffs' counsel failed to respond by the October 28 deadline, on October 30, 2015, Defendants noticed the depositions of all Plaintiffs for November 11 and 12. (Doc. 172-11). In the notification letter, Defendant reiterated that it had yet to receive substantive discovery and verified interrogatory responses from Plaintiffs. (Doc.

---

[1] In reference to the verifications Defendant also stated: "We appreciate that you 'continue to contact plaintiffs in order to have them return the verification forms;' however, we question how all of the above-named Plaintiffs provided you with their discovery responses without also providing their signed Verifications." (Doc. 172-9 at 4.)

3 / 7

172-11 at 3.) Defendant concluded this letter with a warning that "we will be seeking to compel these verified interrogatory responses, along with other Court relief." (Doc. 172-11 at 4.) In spite of this warning and advance notice, Plaintiffs failed to appear at their noticed depositions. (Docs. 172-12, 172-13.) Accordingly, Certificates of Non-Appearance for all Plaintiffs were logged. (*Id.*)

Soon after, on November 10 and 16, 2015, Plaintiffs' counsel filed two Motions to Withdraw as Counsel, seeking to end his representation of Plaintiffs. (Docs. 165, 168). Plaintiffs' counsel cited Plaintiffs' non-responsiveness as his reason for withdrawal. (*Id.*) Only Plaintiff Leigh Parsons responded to counsel's request to confirm that she did not oppose the Motion to Withdraw. (Doc. 168.) Plaintiffs Hall, Molz, Ramirez, and Sullivan gave no response. (Doc. 165.)

On December 1, 2015, Defendant filed its pending Motion to Dismiss Plaintiffs Leslie Hall, Edward Molz, Leigh Parsons, Cesar Ramirez, and Raymond Sullivan for Failure to Prosecute (Doc. 172). Defendant complains that despite agreeing to numerous extensions to discovery-response deadlines and repeatedly attempting to obtain substantive discovery responses, Plaintiffs have failed to supplement their responses or cooperate in any meaningful way. (Doc. 172 at 2–3.) As further evidence of failure to prosecute, Defendant points to the fact that all four plaintiffs failed to appear for their noticed depositions and counsel has withdrawn from representing Plaintiffs for lack of responsiveness. (*Id.* at 4–5.)

## II. Legal Standard

Under Rule 41(b), a district court may dismiss an action for failure to prosecute. *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982); *Morris v. Ocean Systems*, 730 F.2d 248, 251 (5th Cir. 1984). A district court does not abuse its discretion in granting dismissals "when (1)

there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Tello v. Comm'r*, 410 F.3d 743, 735 (5th Cir. 2005) (per curiam) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)) (internal citation marks omitted). Generally, at least one of three aggravating factors should also be present to permit an involuntary dismissal under Rule 41(b): (1) plaintiff caused the delay himself, (2) actual prejudice to the defendant, and/or (3) intentional conduct caused the delay. *Tello*, 410 F.3d at 735-36; *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006).

Because dismissals with prejudice are "reserved for the most egregious of cases," it is essential that the Court expressly consider lesser sanctions. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (quoting *Rogers,* 669 F.2d at 320) (internal citation marks omitted). "That consideration, and the court's findings that lesser sanctions would be inadequate, must be spread upon the record for 'such findings of fact are essential for [the Fifth Circuit's] consideration of the inevitable argument that the dismissal was an abuse of its discretion.'" *Boudwin*, 756 F.2d at 401 (quoting *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir. 1984)).

### III. Analysis

In this case, the Court concludes that although there has been no contumacious conduct,[2] there is a clear record of delay by Plaintiffs. Delay that warrants dismissal with prejudice "must be longer than just a few months; instead, the delay must be characterized by 'significant periods

---

[2] Contumacious conduct is defined as "[a] willful disobedience of a *court order.*" Black's Law Dictionary (9th ed. 2009) (emphasis added). Plaintiffs in this case have ignored Defendant's threats and requests, but no order of this Court.

of total inactivity.' " *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (quoting *McNeal v. Papasan,* 842 F.2d 787, 791 (5th Cir. 1988)). Here, Plaintiffs have failed to participate in the case in any meaningful way since filing their respective Consent to Become Party Plaintiff almost two years ago. Nor were Plaintiffs motivated to participate when Defendants made repeated requests for responses and threats of court intervention as the trial date rapidly approached.

Moreover, Plaintiffs complete lack of responsiveness indicates that lesser sanctions would be inadequate. On the facts in this record, it is clear that Plaintiffs have no intention of prosecuting their claims. Defendant agreed to three separate extensions of the discovery-response deadline. While other plaintiffs involved in this case have cooperated with counsel in responding to discovery requests, Plaintiffs have yet to provide substantive responses to Defendant's discovery requests—even in the face of Defendant's repeated threats to seek Court intervention in this matter.

Plaintiffs' attorney's withdrawal from his representation because of Plaintiffs' non-responsiveness indicates that Plaintiffs have caused these delays themselves. Moreover, Plaintiffs were advised of counsel's intent to withdraw and either didn't respond, or, in the case of Leigh Parsons, expressly indicated non-opposition to counsel's motion. Additionally, in months since counsel's withdrawal, Plaintiffs have not obtained new counsel or advised the Court that they will be proceeding *pro se*. Plaintiffs' failure to attend properly noticed depositions, non-responsiveness to former counsel's repeated attempts to reach them, and non-opposition to the instant motion only further support the Court's conclusion that Plaintiffs have abandoned their claims, lesser sanctions would fail to compel Plaintiffs' participation, and Plaintiffs' continued involvement would prejudice Defendants.

## IV. Conclusion

For the foregoing reasons it is hereby

**ORDERED** that Defendants' Motion to Dismiss Plaintiffs Leslie Hall, Edward Molz, Leigh Parsons, Cesar Ramirez, and Raymond Sullivan for Failure to Prosecute (Doc. 172) is **GRANTED**.

SIGNED at Houston, Texas, this 4th day of August, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE