UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MONIQUE FRASER, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-03890 |
| § | |
| PATRICK O'CONNOR & ASSOCIATES, § | |
| L.P.; dba O'CONNOR & ASSOCIATES, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending in the above-referenced Fair Labor Standards Act ("FLSA") case are Defendants Patrick O'Connor & Associates, L.P. d/b/a O'Connor & Associates, O'Connor Management, L.L.C. (collectively, "O'Connor"), and their owners and executives Patrick O'Connor, Kathleen O'Connor, and Mike Webb's (collectively, "Defendants") Motion for Partial Summary Judgment and Brief in Support ("Motion for Partial Summary Judgment") (Docs. 174, 175) and Plaintiffs' Renewed Motion for Summary Judgment ("Renewed Motion for Summary Judgment") (Doc. 171). Having considered the motions, responses, relevant law, and for the reasons outlined below, the Court denies both motions.

**I. Background**

This case arises from claims by a number of O'Connor's former employees that Defendants violated the FLSA by failing to pay their property tax consultants overtime. (Doc. 23 at ¶ 1.) The parties disagree on two main issues—both of which were raised in previous cross-motions for summary judgment and are resurrected in modified form in the current pending motions. (*Compare* Docs. 83, 115, 116, *with* 171, 174.) First, they dispute whether Plaintiffs are exempt administrative employees under the FLSA. Second, they argue over whether the FLSA's

window of correction is applicable in this case.

In an Opinion and Order dated January 7, 2015, this Court held that there were genuine issues of material fact precluding summary judgment on all of the requirements of the administrative exemption. (Doc. 153 at 137.) Both parties have since submitted new motions for summary judgment, in which they each contend that circumstances have changed—either in the law or the facts—which now entitle their side to partial summary judgment. These motions are now ripe for consideration.

**II. Legal Standard**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewed in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1996). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The movant initially bears the burden of identifying those portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact on which the nonmovant bears the burden of proof at trial. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 885 (1990) (citations omitted). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. When the moving party makes an initial showing that there is no evidence to

support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact concerning every element of its cause of action in order to defeat the motion for summary judgment. *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998); *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994); *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). There is no genuine issue for trial if a rational trier could not find for the nonmoving party based on the evidence presented. *City Pub. Serv. Bd.*, 40 F.3d at 712–13 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584–88 (1986)).

Allegations in a plaintiff's complaint are not evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (internal citation and quotation marks omitted) ("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1995) (quoting *Solo Serve Corp. v. Westtown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991) (for the party opposing the motion for summary judgment, " 'only evidence—not argument, not facts in the complaint—will satisfy' the burden."). Likewise, unsubstantiated assertions, conclusory allegations, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Instead, the nonmovant must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324) (internal quotation marks omitted).

In ruling on a summary judgment motion, the court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant, but the court

may not make credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

### III. Analysis

In the motions presently before the Court, the parties disagree about the applicability and satisfaction of various elements of the FLSA's administrative exemption—including the window of correction, which functions to excuse certain lapses of compliance with the requirements of the administrative exemption. Resolution of Plaintiffs' Renewed Motion for Summary Judgment in their favor entails concluding that Plaintiffs were not administratively exempt as a matter of law. Such a finding would moot Defendants' Motion for Partial Summary Judgment on the window-of-correction issue. Accordingly, the Court begins its analysis with Plaintiffs' motion.

#### a. Applicable Law

Although "the FLSA establishes a general rule that employers must pay their employees overtime compensation, executive, administrative, and professional employees are exempt." *Moore v. Hannon Food Serv., Inc.*, 317 F.3d 489, 492–93 (5th Cir. 2003) (citing 29 U.S.C. § 213(a)(1)). The statute grants broad authority to the Secretary of Labor ("Secretary") to "define and delimit" the scope of these exemptions. *Id.* (citing 29 U.S.C. § 213(a)(1); *Auer v. Robbins*, 519 U.S. 452, 456 (1997)). Pursuant to this authority, the Secretary has promulgated regulations outlining the requirements for these exemptions. *See* 29 C.F.R. § 541.0–.710.

Three requirements must be satisfied in order for the exemption at issue in this case, the administrative exemption, to be met. *See id.* § 541.200. The first of these is the salary-basis test, under which the employee must be "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week." *Id.* § 541.200(a). The second is the primary-duty test, which requires that

the employee's primary duties be "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." *Id.* § 541.200(b). The final requirement is that the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." *Id.* § 541.200(c).

Although compliance with these requirements entitles an employer to an exemption from the FLSA, if the employer makes "improper deductions" from the salary of an otherwise exempt employee, the employer "shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis." *Id.* § 541.603(a). Thus, an improper deduction alone will not necessarily render an employee non-exempt; intent is key. *See id.* An employer's intent to make improper deductions is demonstrated by "[a]n actual practice of making improper deductions." *Id.*

The regulations go on to list a number of "factors to consider when determining whether an employer has an actual practice of making improper deductions," including:

> the number of improper deductions, particularly as compared to the number of employee infractions warranting discipline; the time period during which the employer made improper deductions; the number and geographic location of employees whose salary was improperly reduced; the number and geographic location of managers responsible for taking the improper deductions; and whether the employer has a clearly communicated policy permitting or prohibiting improper deductions.

*Id.* Under what is known as the "window of correction," "[i]mproper deductions that are either isolated or inadvertent will not result in loss of the exemption for any employees subject to such improper deductions, if the employer reimburses the employees for such improper deductions." *Id.* § 541.603(c).

### b. Plaintiff's Motion for Summary Judgment

Plaintiffs filed their Renewed Motion for Summary Judgment on the ground that the recent decision of the Supreme Court in *Perez v. Mortgage Bankers Association*, 135 S. Ct. 1199 (2015), "resolve[s] questions of law regarding the proper application of the administrative exemption to employees whose primary work is primarily for customers." (Doc. 171 at 1.) Citing the January 7, 2015 Opinion and Order (Doc. 153), Plaintiffs argue this Court only had misgivings about granting summary judgment to Plaintiffs on the administrative exemption because the outcome of *Perez* and the validity the Department of Labor Administrator's Interpretation No. 2010-1 ("AI") were in question at that time. (*Id.* at 13.) Because the lower court's ruling deferring to the AI in *Perez*[1] has since been upheld, Plaintiffs conclude that the Supreme Court's holding "mandates partial summary judgment in favor of Plaintiffs, leaving damages to be determined." (*Id.* at 17.)

Not surprisingly, Defendants disagree with Plaintiffs' characterization of *Perez* as dispositive to the question of whether Plaintiffs were subject to the FLSA's administrative exemption. Defendants first argue that neither *Perez* nor the AI offer binding or relevant analysis in support of Plaintiffs' arguments because "[t]he specific question the AI addresses is: 'Whether the primary duty of employees who perform the **typical job duties of a mortgage loan officer** is office or non-manual work directly related to the management or business operations of their employer or employer's customers.'" (Doc. 180 at 8.) (quoting *Mortg. Bankers Ass'n v. Solis*, 864 F. Supp. 2d 193, 199 (D.C. Cir. 2012); Dep't of Labor, Wage and Hour Div., Administrator's Interpretation, 2010-1, 2010 WL 1822423, *2 (Mar. 24, 2010) [hereinafter *AI 2010-1*]).

---

[1] The lower court case was actually captioned *Mortgage Bankers Association v. Solis*, 864 F. Supp. 2d 193 (D.C. Cir. 2012). The style of the case changed because the Secretary of Labor changed during the pendency of the action. For ease of reference, the Court will refer to the entire action as *Perez* throughout this opinion.

Defendants go on to point out a number of differences between the typical job duties of Plaintiffs and those of mortgage loan officers that make the AI inapplicable to this case. (*Id.* at 10–11.) Defendants also challenge Plaintiffs' motion on the ground that Plaintiffs misunderstand this Court's Opinion and Order and fact issues remain as to whether Plaintiffs worked for O'Connor or O'Connor's clients. (*Id.* at 11–19.)

In the Opinion and Order issued in response to the parties' earlier cross-motions for summary judgment, this Court concluded that there were questions of fact that precluded summary judgment on the first prong of the FLSA's administrative exemption—the salary-basis test. (Doc. 153 at 45, 137.) Specifically, this Court concluded that Plaintiffs raised a genuine issue of material fact on the question of whether Defendants had an actual practice of making improper deductions. (*Id.* at 55–59.) Accordingly, summary judgment on the salary-basis test was denied. (*Id.* at 137.) The Court also concluded that there were fact issues as to the latter two elements of an administrative exemption—whether the work was related to O'Connor's management or general business operations and whether Plaintiffs exercised discretion and independent judgment. (*Id.* at 102–103, 126.) As a result, summary judgment on the primary-duty test was also denied. (*Id.* at 137.)

While Plaintiffs are correct to note that the AI is entitled to deference under *Perez*, the Court agrees with Defendants that *Perez* is not determinative as to whether the administrative exception applies in this case. First, the AI's analysis is entirely focused on the duties of mortgage bankers. Although Plaintiffs and mortgage bankers may share some duties, Defendants present evidence that Plaintiffs' duties differed from mortgage-banker duties enough to preclude the AI from deciding this case as a matter of law. Moreover, the AI only addresses one prong of the administrative exemption—the primary-duty test. *See AI 2010-1*, 2010 WL 1822423, at *8

n.6 (concluding that even if the employee's work is related to the management or general business operations of the employer or employer's customers under the AI, "the salary test and the test that the primary duty requires the exercise of discretion and independent judgment with respect to matters of significance must also be met" in order to qualify for the administrative exemption). As mentioned, this Court has already concluded that there are fact issues regarding the other two prongs of the exemption—the salary-basis test and whether Plaintiffs exercised discretion and independent judgment. The AI does not decide these matters. Accordingly, Plaintiffs' motion for summary judgment that Plaintiffs are not administratively exempt is denied.

### c. Defendants' Motion for Summary Judgment

Like Plaintiffs, Defendants seize on language in this Court's Opinion and Order to argue that they are entitled to partial summary judgment on the window-of-correction issue. (Doc. 174 at 6–8.) Defendants point to a portion of the Opinion and Order in which the Court stated that "if Defendants can prove by a preponderance of the evidence that they reimbursed the final paychecks of the three named Plaintiffs, they are entitled to summary judgment on [the Window of Correction] issue under *Moore v. Hannon Food Serv., Inc.*, 317 F. 3d 489." (*Id.* at 7.) (quoting Doc. 153 at 137.) In support, Defendants attach summary judgment evidence illustrating that each employee who was subject to improper deductions and a party to this case was fully reimbursed. (Docs. 174-1, 2.)

Plaintiffs respond by arguing that "the relief sought by Defendants is not entirely clear" and, regardless of whether the window of correction applies and Plaintiffs were paid on a salary basis, Plaintiffs are entitled to summary judgment based on *Perez*. (Doc. 178 at 2.) Moreover, because the docking of these individuals' pay was not the only example indicating that

Defendants did not intend to pay Plaintiffs on a salary basis, Plaintiffs argue that a grant of summary judgment to Defendants on this narrow issue will nonetheless leave open questions as to whether Plaintiffs were misclassified. (*Id.* at 5–6.) Plaintiffs urge that this is so because the Court's Opinion and Order noted that even if Defendants avail themselves of the window of correction for these individuals, "Plaintiffs' remaining complaints about deductions would remain pending . . . and they have raised genuine issues of material fact through Phillips' deposition testimony and their own declarations." (*Id.* at 6.) (quoting Doc. 153 at 84.) (internal quotation marks omitted).

Admittedly, the Court did state that proving reimbursement would entitle Defendants to avail themselves of the window of correction in its Opinion and Order. (*See* Doc. 153 at 72–73 n.32, 83, 137.) Nevertheless, on further reflection, the Court concludes that its prior conclusion is erroneous because (1) the Fifth Circuit's conclusion in *Moore* was based on language that was removed from the regulations in 2004, and (2) it is inconsistent with this Court's determination that there is a fact issue as to whether Defendants had an actual practice of making improper deductions. As Plaintiffs point out in their response to Defendants' motion, it defies logic for this Court to grant summary judgment to O'Connor under the window of correction—which entitles Defendants to the presumption that they did not have a practice of making unlawful deductions and did in fact intend to pay Plaintiffs on a salary basis—when the Court has already noted that the summary judgment evidence shows there is a genuine issue of material fact as to whether Defendants had an actual practice of making unlawful deductions. (*See* Doc. 178 at 6.)

In *Moore*, the defendant argued that even if the improper deduction was not inadvertent or isolated, but was in fact, intentional, based on the plain language of the regulation employers could still avail themselves of the window of correction by reimbursing the employees subject to

the improper deductions as long as the deductions were made "for any reason other than lack of work."[2] 317 F.3d at 492. Citing the Supreme Court's decision in *Auer v. Robbins*, 519 U.S. 452 (1997), the Fifth Circuit agreed. *Id.* at 493, 496. In *Auer*, the Supreme Court stated that:

> The Secretary's regulations provide that if deductions which are inconsistent with the salary-basis test . . . are made in circumstances indicating that "there was no intention to pay the employee on a salary basis," the exemption from the FLSA is "[not] applicable to him during the entire period when such deductions were being made." Conversely, "where a deduction not permitted by [the salary-basis test] is inadvertent, *or is made for reasons other than lack of work*, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future."

*Auer*, 519 U.S. at 463 (quoting 29 C.F.R. § 541.118(a)(6) (1996)). Relying on this language and finding the regulation unambiguous, the Fifth Circuit broke from the Secretary's interpretation as adopted by the Ninth and Seventh Circuits,[3] which was essentially that:

> the window of correction is available only to employers that have demonstrated the "objective intention" to pay their employees on a salaried basis. When an employer has demonstrated such an objective intention, the window of correction is available to cure inadvertent or isolated violations of the "salary basis" regulations. However, when an employer has not demonstrated that intention, it cannot, after the fact, use the window of correction to bring itself into compliance with the "salary basis" regulations and thereby turn nonsalaried employees into salaried employees.

---

[2] At that time the window-of-correction regulation stated:

> The effect of making a deduction which is not permitted under these interpretations will depend upon the facts in the particular case. Where deductions are generally made when there is no work available, it indicates that there was no intention to pay the employee on a salary basis. In such a case the exemption would not be applicable to him during the entire period when such deductions were being made. On the other hand, where a deduction not permitted by these interpretations is inadvertent, *or is made for reasons other than lack of work*, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future.

29 C.F.R. § 541.118(a)(6) (emphasis added).
[3] *Klem v. Cnty. of Santa Clara*, 208 F.3d 1085, 1091 (9th Cir. 2000); *Whetsel v. Network Prop. Servs., LLC*, 246 F.3d 897, 900 (7th Cir. 2001).

> Further, under the Secretary's interpretation, an employer "that engages in a practice of making impermissible deductions in its employees' pay, or has a policy that effectively communicates to its employees that such deductions will be made, necessarily has no intention of paying its employees on a 'salary basis.'" The question is not whether an employer has the subjective intention that its employees be exempt from the FLSA's overtime provisions. Rather, it is whether the employer has evinced the objective intention to pay its employees on a salaried basis as defined in the Secretary's regulations. When an employer has a practice and policy of noncompliance with those regulations, the Secretary reasons, it cannot demonstrate an intention to comply with the regulations and to pay its employees on a salaried basis. Under those circumstances, the employer cannot treat its employees as exempt; nor can it use the window of correction to comply retroactively with the regulations and thereby obtain an exemption for a class of employees that it actually never paid on a salaried basis.

*Moore*, 317 F.3d at 493–94 (quoting *Klem v. Cnty. of Santa Clara*, 208 F.3d 1085, 1091 (9th Cir. 2000) and citing *Whetsel v. Network Prop. Servs., LLC*, 246 F.3d 897, 900–01 (7th Cir. 2001)).

The Court notes that had the regulations remained as they were when *Moore* was decided, the window of correction would be available to Defendants in this case—regardless of whether they had an actual policy demonstrating intent not to pay Plaintiffs on a salary basis. This is so because, "the plain language of the regulation [at that time] set[] out 'inadvertence' and 'made for reasons other than lack of work' as *alternative* grounds permitting corrective action." *Auer*, 519 U.S. at 463 (quoting 29 C.F.R. § 541.118(a)(6) (1996)). Taking a cue from this statement in *Auer*, the Fifth Circuit concluded that the plain language of the latter alternative is unambiguous—and permits corrective action for substantially broader reasons than only "inadvertent or isolated" deductions. *Moore*, 317 F.3d at 493, 496.

However, not long after *Moore* was decided, on August 23, 2004, the Secretary issued new regulations. Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 FR 22122-01, 22271 (Apr. 23, 2004) 2004 WL 865626. Several of these new regulations are pertinent to the applicability of *Moore* in

this case and actually reinforce the Secretary's original, narrower interpretation that "when an employer has a practice and policy of noncompliance the regulations . . . it cannot . . . . use the window of correction to comply retroactively with the regulations and thereby obtain an exemption for a class of employees that it actually never paid on a salaried basis." *Moore*, 317 F.3d at 493–94 (quoting *Klem*, 208 F.3d at 1091 and citing *Whetsel*, 246 F.3d at 900–01).

First, the Secretary explained what it means for an employee to be "subject to" improper deductions: "An employer who makes improper deductions from salary shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis. *An actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis.*" 29 C.F.R. § 541.603(a) (2009) (emphasis added). Second, the Secretary changed the language regarding the effect of improper deductions. "If the facts demonstrate that the employer has an actual practice of making improper deductions, *the exemption is lost* during the time period in which the improper deductions were made . . . ." *Id.* § 541.603(b). Third, the Secretary changed the language in the window of correction to read: "[i]mproper deductions that are *either isolated or inadvertent will not result in loss of the exemption* for any employees subject to such improper deductions, if the employer reimburses the employees for such improper deductions." *Id.* § 541.603(c). Notably, the Secretary removed "or is made for reasons other than lack of work"—the phrase on which the Fifth Circuit relied to find that intentional deductions could be remedied by the window of correction—replacing it instead with "inadvertent." Thus, the Court concludes, the regulations have been narrowed to mirror the Secretary's interpretation and the window of correction is now only available when the employer intended to pay its employees on a salary basis and made either an "isolated or inadvertent" deduction.

Here, the Court has already concluded that there is a fact question as to whether Defendants intended to pay Plaintiffs on a salary basis because Phillips' testimony and Plaintiffs' declarations indicate that the deductions may not have been isolated or inadvertent, but a part of an actual practice. (Doc. 153 at 69–70, 84.) Accordingly, under the new regulations, regardless of whether certain individuals were reimbursed for improper deductions, there remains a fact issue as to whether Defendants are entitled to the window of correction in the first place. As this Court noted in its Opinion and Order, "[a] window of correction under § 541.603(c) is only available 'after an employer has first demonstrated an intention to pay employees on a salary basis.'" (Doc. 153 at 64 n.29.) (quoting *Saunders v. City of New York*, 594 F. Supp. 2d 346, 362 n.109 (S.D.N.Y. 2008)). Defendants' motion is, therefore, denied.

## IV. Conclusion

For the foregoing reasons it is hereby

**ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 174) and Plaintiffs' Renewed Motion for Summary Judgment (Doc. 171) are **DENIED**.

SIGNED at Houston, Texas, this 7th day of October, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE